

**Service of Process Transmittal**
12/19/2019
CT Log Number 536846010

| | |
|---|---|
| **TO:** | DEREK MUNRO<br>Centene Corporation<br>1150 CONNECTICUT AVE NW STE 1000<br>WASHINGTON, DC 20036-4128 |
| **RE:** | **Process Served in Minnesota** |
| **FOR:** | Centurion of Minnesota, LLC  (Domestic State: MN) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | David Laurence Hodges, PLTF. vs. State of Minnesota Department of Corrections, ET AL., DFTS. // To: Centurion of Minnesota, L.L.C. |
| **DOCUMENT(S) SERVED:** | SUMMONS, COMPLAINT |
| **COURT/AGENCY:** | Ramsey County - Second Judicial District Court, MN<br>Case # 62CV198342 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - On or about 09/18/2018 |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Inc, Saint Paul, MN |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/19/2019 at 13:03 |
| **JURISDICTION SERVED :** | Minnesota |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days of the date on which you received this Summons |
| **ATTORNEY(S) / SENDER(S):** | Jordan S. Kushner<br>431 South 7th Street, Suite 2446<br>Minneapolis, MN 55415<br>(612) 288-0545 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/19/2019, Expected Purge Date: 12/24/2019<br><br>Image SOP<br><br>Email Notification, DEREK MUNRO  dmunro@centene.com<br><br>Email Notification, Deana Johnson  djohnson@mhm-services.com<br><br>Email Notification, Brett Lane  btlane@mhm-services.com<br><br>Email Notification, SUSAN MCCONNELL  susan.mcconnell@centene.com<br><br>Email Notification, AYNSLEY MULL  amull@teamcenturion.com |
| **SIGNED:**<br>**ADDRESS:** | CT Corporation System, Inc<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529 |

Page 1 of  2 / RK

**EX. A**

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**Service of Process Transmittal**
12/19/2019
CT Log Number 536846010

| | |
|---|---|
| **TO:** | DEREK MUNRO<br>Centene Corporation<br>1150 CONNECTICUT AVE NW STE 1000<br>WASHINGTON, DC 20036-4128 |
| **RE:** | **Process Served in Minnesota** |
| **FOR:** | Centurion of Minnesota, LLC  (Domestic State: MN) |

MajorAccountTeam2@wolterskluwer.com

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

STATE OF MINNESOTA                                   DISTRICT COURT

COUNTY OF RAMSEY                           SECOND JUDICIAL DISTRICT

                                                                           CASE TYPE - Personal Injury

David Laurence Hodges,

                           Plaintiff,

vs.                                                                     **SUMMONS**

State of Minnesota Department of Corrections;
Ashlee E. Berts; Derek L. Gunderson; Stacy R. Olson;
Jeffrey T. Titus; Cathy Nielsen; James M. Olson, RN;     Case No. _____
Nanette M. Larson; Centurion of Minnesota, L.L.C.,
Darryl Quiram, MD, John Doe 1-5 (whose true names
are unknown); Jane Roe 1-5 (whose true names are
unknown);

                           Defendants.

THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANTS.

1.     **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2.     **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.**

You must give or mail to the person who signed this Summons **a written response** called an Answer within 20 days of the date on which you received this Summons.

You must send a copy of your Answer to the person who signed this Summons located at: Jordan S. Kushner, Attorney at Law, 431 South Seventh Street, Suite 2446, Minneapolis, Minnesota 55415.

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: November 25, 2019                    LAW OFFICE OF JORDAN S. KUSHNER

                                            By s/Jordan S. Kushner
                                                Jordan S. Kushner, ID 219307
                                                Attorney for Plaintiff
                                                431 South 7th Street, Suite 2446
                                                Minneapolis, Minnesota 55415
                                                (612) 288-0545

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |
| | CASE TYPE - Personal Injury |

David Laurence Hodges,

                Plaintiff,

vs.

State of Minnesota Department of Corrections;
Ashlee E. Berts; Derek L. Gunderson; Stacy R. Olson;
Jeffrey T. Titus; Cathy Nielsen; James M. Olson, RN;
Nanette M. Larson; Centurion of Minnesota, L.L.C.,
Darryl Quiram, MD, John Doe 1-5 (whose true names
are unknown); Jane Roe 1-5 (whose true names are
unknown);

                Defendants.

**COMPLAINT**

JURY TRIAL DEMANDED

Case No. _____

Plaintiff David Laurance Hodges, for his Complaint against above-named Defendants, states and alleges as follows:

## I. INTRODUCTION

1. This is an action for damages and injunctive relief arising out of a series of events and incidents in which corrections officials refused to take basic necessary measures to protect Plaintiff David Hodges from a known danger posed by another inmate while he was incarcerated at the Minnesota Correctional Facility in Rush City. After said inmate brutally attacked and assaulted Mr. Hodges, and Mr. Hodges requested to be separated from that inmate in the future, Defendants placed Mr. Hodges

in the same unit as the inmate, and the inmate again brutally attacked and assaulted Mr. Hodges causing severe injuries. Said severe injuries include but are not limited to substantial blindness in Mr. Hodges' left eye. To date Defendants have refused to allow Mr. Hodges to be seen by an appropriate specialist to evaluate and treat his injury.

2. Plaintiff's causes of action include violations of his constitutional rights to be free from cruel and unusual punishment under the Eighth Amendment pursuant to 42 U.S.C. § 1983, and common law claims for negligence and medical malpractice.

## II. PARTIES

3. Plaintiff David Laurance Hodges, a 37 year old male, is currently incarcerated at Minnesota Correctional Facility in Moose Lake in Carlton County, Minnesota.

4. Defendant State of Minnesota Department of Corrections (DOC) is an agency of the state of Minnesota that operates prisons throughout the state, and with its main office is in St. Paul, Ramsey County, Minnesota.

5. Defendant Ashlee E. Berts, is and was employed by DOC at all times relevant to this lawsuit. She was a program director who responded to Mr. Hodges' request to be transferred for his protection, and failed to transfer Mr. Hodges or even separate Mr. Hodges from the inmate who assaulted him. At all times relevant to this lawsuit, she was acting under color of state law. Defendant Berts is being sued in her

2

personal capacity.

6. Defendant Derek L. Gunderson, is and was employed by DOC at all times relevant to this lawsuit. He works as an investigator and responded to reports of Mr. Hodges' dispute with another inmate and his request to be transferred for his protection. Gunderson failed to take any measures to protect Mr. Hodges. At all times relevant to this lawsuit, he was acting under color of state law. Defendant Gunderson is being sued in his personal capacity.

7. Defendant Stacy R. Olson, is and was employed by DOC at all times relevant to this lawsuit. She works as a caseworker for DOC, and in that capacity was the caseworker for Mr. Hodges during incident relevant to this lawsuit. She communicated with Mr. Hodges' regarding his fear for his safety and failed to take necessary action to protect Mr. Hodges. At all times relevant to this lawsuit, she was acting under color of state law. Defendant Olson is being sued in her personal capacity.

8. Defendant Jeffrey T. Titus, is and was employed by DOC at all times relevant to this lawsuit. He was the warden at Minnesota Correction Facility - Rush City during incidents relevant to this lawsuit. Mr. Hodges and family members specifically advised Titus of the danger to Mr. Hodges' safety and requested protective measures, but Titus refused to take any action. At all times relevant to this lawsuit, he was acting under color of state law. Defendant Titus is being sued in his personal capacity.

9. Defendant Cathy Nielsen, is and was employed by DOC at all times

3

relevant to this lawsuit. She is and was an executive working at the DOC's central office, Mr. Hodges' family members specifically advised Nielsen of the danger to Mr. Hodges' safety and requested protective measures, but Nielsen refused to take any action. At all times relevant to this lawsuit, she was acting under color of state law. Defendant Nielsen is being sued in her personal capacity.

10. Defendant James M. Olson, RN, is and was employed by DOC at all times relevant to this lawsuit. He works as nurse supervisor at Minnesota Correctional Facility - Moose Lake. In his role as a nurse supervisor, Mr. Hodges has requested Defendant James Olson to arrange for Mr. Hodges to see an appropriate medical specialist to evaluate and treat Mr. Hodge's loss of vision. Defendant James Olson has refused to arrange for necessary medical care. At all times relevant to this lawsuit, he was acting under color of state law. Defendant James Olson is being sued in his personal capacity, and in his official capacity for purposes of Mr. Hodge's claim for injunctive relief.

11. Defendant Nanette M. Larson, is and was employed by DOC at all times relevant to this lawsuit. She is the DOC's Health Services Director, and in that capacity is responsible for ensuring that DOC inmates including Mr. Hodges receive adequate medical care. Defendant Larson has been contacted about Mr. Hodge's need to see a medical specialist to evaluate and treat his loss of vision and has refused to arrange for Mr. Hodges to receive necessary medical care. At all times relevant to this lawsuit,

4

she was acting under color of state law. Defendant Lason is being sued in her personal capacity, and her official capacity for purposes of Mr. Hodge's claim for injunctive relief..

12. Defendant Centurion of Minnesota, LLC, doing business as Centurion of MN (hereinafter to as "Centurion"), is registered as a Minnesota corporation, while being owned and operated by Centene Corporation with headquarters in St. Louis, Missouri. Centurion's registered office is in St. Paul, Ramsey County, Minnesota. Defendant Centurion, at all relevant times hereto, has engaged in contracts with DOC to provide medical services to prisoners for profit. As such, Centurion is performing a state function and is thereby acting under color of state law at all times relevant hereto. In that capacity, Centurion was and is responsible for addressing the medical needs of Mr. Hodges and through its agents, has bees deliberately indifferent to his serious medical needs, specifically by refusing to arrange for Mr. Hodges to see an appropriate medical specialist to evaluate and treat his loss of vision. Defendant Centurion is being sued in its personal and official capacities.

13. Defendant Darryl Quiram, MD, is and was employed by Centurion all times relevant to this lawsuit. He works as physician in the DOC prison system where he provides direct care to inmates. He was the doctor primarily responsible for Mr. Hodges' care after his injuries related to this lawsuit. Defendant Quiram refused to arrange for Mr. Hodges to see an appropriate medical specialist to evaluate and treat Mr.

5

Hodge's loss of vision. At all times relevant to this lawsuit, he was acting under color of state law. Defendant Quiram is being sued in his personal capacity, and in his official capacity for purposes of Mr. Hodge's claim for injunctive relief.

14. Defendants John Doe 1-5 and Jane Roe 1-5, whose true names are unknown, were employed by Defendants DOC or Centurion at times relevant to this lawsuit. Some of said Defendants had responsibility for protecting Mr. Hodge's safety in response to known threats but refused to take any protective measures. Some of said Defendants were or are responsible for providing for Mr. Hodge's medical needs, but have refused to provide care for his serious medical need consisting of substantial loss of vision in is left eye. At all times relevant to this lawsuit, Defendants John Doe 1-5 and Jane Roe 1-5 were acting under color of state law. They are being sued in their personal capacities, and the Defendants failing to take care of Mr. Hodges' medical needs are being sued in the official capacities for purposes of Mr. Hodges' claim for injunctive relief.

### III. FACTS

15. On or about September 18, 2018, while Mr. Hodges was incarcerated by DOC at its correctional facility in Rush City, inmate Courtney Osgood entered into Mr. Hodges' call with a homemade sharp knife known as a "shank." Osgood attempted to attack Hodges with the shank while also tearing out Mr. Hodges' dreadlocks. Mr. Hodges was able to avoid being stabbed with the shank. Mr. Hodges grabbed a pot of hot water

and threw it on Osgood in order to prevent Osgood from being able to stab him. Osgood screamed loudly and left the cell.

16. Corrections officers on duty in the unit could hear Osgood scream, saw that he was improperly in Hodges' cell, but ignored the incident, took no action and did not initiate any investigation.

17. Mr. Hodges was concerned about his safety due to the incident with Osgood. Osgood was part of a gang Hodges was informed that the gang was planning to retaliate against Mr. Hodges. He was also concerned about Osgood not receiving medical treatment for his injuries from the fight.

18. Hodges arranged for his fiancé to contact prison officials to inform them of the fight with Osgood and communicate concerns about Mr. Hodges' safety. Hodges' fiancé called the prison on or about September 24, 2018 and reported the incident and Mr. Hodges' concerns for his safety to DOC Lt. Randy Erdman. On September 25, 2018, DOC Lt Gene Olson and a sergeant served Mr. Hodges with disciplinary charges for the incident where he had acted in self-defense and had his fiancé report. During his encounter with the prison officials, Mr. Hodges provided full information about the incident and informed them of his concerns for his safety.

19. Hodges specifically requested to Lt. Gene Olson to be moved out of the unit with Osgood and his friends because the probability of retaliation posed a serious threat to Mr. Hodges' safety. Olson agreed that Mr. Hodges' should be moved.

7

20. Mr. Hodges was sentenced by DOC to 40 days in segregation as discipline for defending himself from a knife attack in his own cell. Osgood, the attacker, only received 20 days in segregation.

21. During Mr. Hodges' time in segregation, he and family members communicated with numerous DOC officials on numerous occasions, both verbally and in writing, expressing concerns for his safety and requesting that he be transferred to another prison or at least moved to a different unit from Osgoood and his friends to avoid a retaliatory attack which would be inevitable if Mr. Hodges was placed in proximity to Osgood. His relatives were directed to and spoke with Defendant Nielsen at DOC central office about threats to Hodges' safety. Hodges further informed officials that he was receiving threats from his attacker.

22. Mr. Hodges communicated his fears for his safety and his request to be separated from Osgood and his friends to Defendants Berts, Gunderson, Stacy Olson, Titus, and others.

23. Mr. Hodges' written documentation including kites and grievances expressing concerns for his safety was not returned by DOC as required under procedures, or was subsequently confiscated by unknown Defendants in order to eliminate evidence of DOC's failure to protect Mr. Hodges.

24. According to DOC documentation, a DOC incompatible review committee consisting of unknown Defendants met at MCF-Rush City on September 26,

8

2018 to consider whether Mr. Hodges' should be ordered separated from Osgood and possibly other inmates. According to the documentation, the decision was "No Action."

25. DOC has redacted and otherwise withheld information requested about the compatibility review, including but not limited to the identity of review participants, information known to the committee, and reasons for the decision.

26. Upon information and belief, committee members had full knowledge of the obvious and known danger to Mr. Hodges' safety and deliberately disregarded the risks.

27. Named Defendants Berts, Gunderson, Stacy Olson, Nielsen and Warden Titus, as well as other unknown DOC officials had full knowledge of the obvious and known danger to Mr. Hodges's safety but deliberately disregarded the risks.

28. Upon information and belief, Defendants violated DOC's policies and procedures in failing to separate Mr. Hodges from inmates who posed a known danger. Regardless of whether DOC had adequate policies that were not followed, Defendants were deliberately indifferent to Mr. Hodges' safety.

29. Mr. Hodges was released from disciplinary segregation on November 3, 2019. DOC officials returned Hodges to a cell in the same living unit as Osgood.

30. Within three hours of Mr. Hodges being placed in the same unit as Osgood, Osgood and another inmate rushed at Mr. Hodges and physically attacked him.

9

Osgood threw at Mr. Hodges a cup containing, upon information and belief, water and capsaicin cream that Osgood had heated in his micro wave oven. The chemical mixture went into Mr. Hodges' face and eyes, shoulders and chest. Corrections officers did not intervene for several minutes while Osgood and other inmate repeatedly struck Hodges in his face and on his body, and Hodges struggled to fend them off. He eventually fell to the ground, struck his head, and lost consciousness.

31. After correctional officers broke up the fight, Mr. Hodges was eventually taken to the hospital.

32. The assaultive actions caused Mr. Hodges to suffer a fractured nose, and second degree burns to his chest and face and inside of his eyes. The burns to his eyes also caused corneal injuries. Mr. Hodges continues to suffer ongoing headaches, blurred vision in his right eye and almost complete loss vision in his left eye. Mr. Hodges continues to lack substantial vision in his left eye.

33. Mr. Hodges has also suffered permanent scarring.

34. DOC officials finally determined that Mr. Hodges was incompatible with Osgood and perhaps other inmates associated with Osgood, and transferred him to MCF - Stillwater on or about November 13, 2018.

35. At the hospital, Mr. Hodges was referred to an ophthalmologist for follow up treatment for his eye injuries. However, medical staff at DOC never sent Mr. Hodges to an ophthalmologist, despite continued loss of vision and Mr. Hodges' repeated

10

requests for an appropriate specialist.

36. Treating physician Quiram and other staff arranged appointments with an optometrist bu refused to send him to an ophthalmologist. An optemetrist lacks the skill and training to treat evaluate and treat Mr. Hodges' loss of vision.

37. Mr. Hodges was transferred to MCF - Moose Lake in early September, 2019.

38. Mr. Hodges continued to request to see an eye doctor to evaluate and treat his loss of vision. He made a written request to Defendant nurse supervisor James Olson who avoided the request.

39. Mr. Hodges was scheduled to see an eye doctor in late October, 2019, but was given the pass after the appointment and therefore could not see the doctor. DOC or Centurion officials' conduct was intended to deprive Mr. Hodges of needed medical care and to retaliate against him for pursuing grievances over his lack of care.

40. As a result of Defendants' actions, Mr. Hodges has suffered severe pain, disability, disfigurement, mental and emotional distress, embarrassment and humiliation, the invasion of his person, future economic loss, and has incurred other losses and damages, altogether **in excess of** $75,000.

### IV. CAUSES OF ACTION

41. Plaintiff hereby realleges and incorporates by reference all of the facts and allegations contained in paragraphs 1 through 40 of this Complaint.

42. **COUNT 1 - VIOLATION OF 42 U.S.C. § 1983 - EIGHTH AMENDMENT - CRUEL AND UNUSUAL PUNISHMENT.** Defendants above-named, acting under color of state law, deprived Plaintiff David Hodges of his rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by committing acts in violation of the Eighth Amendment prohibitions against cruel and unusual punishment by deliberately disregarding known serious dangers to his safety by placing him in proximity to an inmate who had recently attacked him with a homemade knife. Above-named defendants then deliberately disregarded and continue to deliberately disregard his serious medical needs by failing to arrange for medical care by a specialist qualified to evaluate and treat his loss of vision.

43. **COUNT 2 - VIOLATIONS OF 42 U.S.C. § 1983 - FIRST AMENDMENT RETALIATION.** Above-named individual Defendants, acting under color of state law, have deprived Plaintiff of his rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by committing acts in violation of the First Amendment rights to free speech and to petition government for a redress of grievances, including but not limited to placing Mr. Hodges in the same prison unit as an inmate who recently attacked him with a knife in retaliation for reporting the incident to DOC authorities and then requesting protection, and refusing to provide Mr. Hodges with necessary medical attention for his loss vision.

44. **COUNT 3 - NEGLIGENCE.** Defendants, individually or through

12

their agents, by their above-described actions, breached their duty to exercise a reasonable standard of care in dealing with Plaintiff, and acted willfully and maliciously. Defendants' failures to exercised reasonable standard of care included but were not limited to ignoring an attack on Plaintiff by another inmate on September 18, 2018, placing Plaintiff in the same unit as that inmate on November 3, 2018 despite Plaintiff's repeated warnings of threats to his safety, failing to timely intervene in the attack on November 3, 2018, and refusing to provide Plaintiff with adequate medical treatment for his loss of vision.

45. **COUNT 4 - MEDICAL MALPRACTICE.** Defendants DOC and Centurion, through their individually named Defendant employees and other employees, breached their duties to exercise an appropriate standard of professional care with respect to their treatment of Plaintiff David Hodges by refusing to arrange for him to see a medical specialist qualified to evaluate and treat his injuries.

46. As a result of Defendants' above-described illegal and wrongful conduct, Plaintiff has suffered the damages described in paragraph 40 of this Complaint.

## V. RELIEF REQUESTED

WHEREFORE Plaintiff prays for Judgment in his favor as follows:

1. Awarding judgment in favor of Plaintiff and against the Defendants and each of them jointly and severally in an amount **in excess of** $75,000.00 as and for compensatory damages.

2. Awarding punitive damages against Defendants.

3. Order an injunction on Defendants requiring them to arrange for an evaluation of Plaintiff by a qualified ophthalmologist and to follow the recommendations of said ophthalmologist.

4. Awarding Plaintiff all costs and disbursements herein, and prejudgment interest.

5. Awarding Plaintiff reasonable attorney fees pursuant to 42 U.S.C. § 1988.

6. Such other and further relief as the Court may deem just and proper.

Dated: November 25, 2019            LAW OFFICE OF JORDAN S. KUSHNER

                                    By s/Jordan S. Kushner
                                    Jordan S. Kushner, ID 219307
                                    Attorney for Plaintiff
                                    431 South 7th Street, Suite 2446
                                    Minneapolis, Minnesota 55415
                                    (612) 288-0545

### ACKNOWLEDGEMENT REQUIRED BY MINN. STAT. § 549.211

The Plaintiff, by his undersigned attorney, hereby acknowledges that, pursuant to Minn. Stat. § 549.211, costs, disbursements, and reasonable attorney and witness fees may be awarded to the opposing party in this litigation.

Dated: November 25, 2019            By s/Jordan S. Kushner
                                    Jordan S. Kushner, ID 219307
                                    Attorney for Plaintiff

14