# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID LAURENCE HODGES, | No. 0:20-cv-00090-WMW-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| STATE OF MINNESOTA DEPARTMENT OF CORRECTIONS; ASHLEE E. BERTS; DEREK L. GUNDERSON; STACY R. OLSON; JEFFREY T. TITUS; CATHY NIELSEN; JAMES M. OLSON, RN; NANETTE M. LARSON; CENTURION OF MINNESOTA, LLC; DARRYL QUIRAM, MD; JOHN DOE 1-5 (whose true names are unknown); JANE ROE 1-5 (whose true names are unknown); | |
| Defendants. | |

This matter is before the Court on David Hodges's motion to compel the State of Minnesota Department of Corrections ("DOC") to permit phone contact with his attorney, Jordan Kushner. [ECF No. 25.] The Court held a telephonic hearing on the motion today and issued its ruling along with an explanation of its reasoning from the bench. This Order captures the ruling and the instructions the Court gave counsel moving forward.

**The Parties' Positions**

In support of the motion, Mr. Kushner asserted that it is a hardship for him to travel between his Minneapolis office and the Moose Lake correctional facility where Mr. Hodges is confined, and he notes that the DOC has indefinitely suspended all in-person visits due to the COVID-19 pandemic. Despite these limitations on in-person contact with his client, Mr. Kushner indicated that DOC personnel would not permit him schedule time to communicate with Mr. Hodges by telephone in the absence of a case-specific deadline. Instead, the DOC informed Mr. Kushner that he would have to communicate with Mr. Hodges through written correspondence or wait until closer to a deadline for a phone conference to be scheduled. In his motion, Mr. Hodges asks the Court to compel the DOC to schedule a phone conference within seven days of a ruling on the motion and, thereafter, to schedule 90-minute conferences within

seven days of any request made by Mr. Kushner, for as long as the litigation continues. [Proposed Order, ECF No. 28.] Mr. Hodges argues that failing to permit more frequent phone contact with Mr. Kushner unjustifiably interferes with his ability to litigate his claims.

The DOC opposed the motion, arguing that it has a constitutionally adequate policy governing communication between inmates and their counsel and has fairly applied it to Mr. Kushner's requests to speak with Mr. Hodges. Specifically, the DOC indicates that its policy allows for unlimited written correspondence between inmates and their counsel, permits counsel to make in-person visits to the facility for client meetings, and authorizes 30-minute confidential attorney-client phone communications if there is a deadline less than two weeks in the future. The DOC argues that it should not be compelled to arrange a phone call whenever Mr. Kushner requests merely because he is unwilling to travel to the facility to meet with Mr. Hodges. Moreover, the DOC asserts that Mr. Kushner was rude toward a DOC staff member responsible for arranging inmate phone conferences. Finally, the DOC contends that its current restrictions on in-person visits in response to the COVID-19 pandemic does not justify greater phone access for Mr. Kushner and Mr. Hodges because the entire Moose Lake facility has a significant reliance on the prison's telephone system given the inability of visits to occur. The DOC states that it does not intend to prevent all phone contact between the plaintiff and his counsel, but it is not inclined to make an exception to its policy in this case in light of the nature of the current dispute.

### The Court's Ruling

At the outset of today's hearing, the Court expressed concern about the acrimonious tenor that has characterized recent communications between the parties and instructed counsel regarding its expectations for the remainder of the litigation. Specifically, the Court explained that counsel must endeavor to communicate professionally and courteously regarding these proceedings.

The Court noted that the DOC's policy permitting written communications, some phone contact, and in-person visits may be constitutionally adequate. However, it is undisputed that Mr. Kushner cannot visit Mr. Hodges in person at this time and has recently been unable to arrange phone contact. A policy that allowed only written communication might indeed raise serious constitutional questions. Nevertheless, the Court also explained that legitimate institutional concerns may prohibit the DOC from making lengthy confidential phone calls

between Mr. Hodges and his attorney available on short notice whenever Mr. Kushner requests an attorney-client conference.

In light of these observations and the undersigned's responsibility to manage this litigation in a manner that will ensure a just, speedy, and inexpensive resolution, the Court required counsel for the parties to meet and confer over the next week to reach a reasonable agreement regarding the availability of phone conferences between Mr. Hodges and Mr. Kushner within the existing policies of the DOC.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. The motion to compel the DOC to arrange phone contact between Mr. Hodges and his attorney **[ECF No. 25]** is **GRANTED IN PART and DENIED IN PART**.

2. Counsel for the parties shall meet and confer in good faith to attempt to reach a resolution regarding the availability of phone conferences between Mr. Kushner and Mr. Hodges.

3. If counsel are unable to reach a reasonable agreement, they must email the Court on or before April 23, 2020. If needed the Court will set an additional hearing at that time.

Date: April 16, 2020                  *s/Katherine Menendez*
                                      Katherine Menendez
                                      United States Magistrate Judge